JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Municipal Mutual Insurance Company of West Virginia

**DEFENDANTS**
Dumolt, Tara N.

**(b)** County of Residence of First Listed Plaintiff  Brooke, WV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Perry, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antonio L. Magnone- Karr Sherman & Magnone Co., LPA
89 E. Nationwide Blvd., 2nd Fl., Columbus, OH 43215
614-478-6000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Declaratory Judgment- Insurance Coverage

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Declaratory Judgment

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 7-8-22

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| MUNICIPAL MUTUAL INSURANCE COMPANY OF WEST VIRGINIA 950 Main St. Wellsburg, WV 26070 | : : : : | Case No. |
| Plaintiff, | : | |
| vs. | : : | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| TARA N. DUMOLT 1220 Cemetery Rd. New Lexington, OH 43764 | : : : | |
| Defendant. | : | |

For its Complaint against the Defendant, Plaintiff Municipal Mutual Insurance Company of West Virginia states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff brings this action requesting a declaratory judgment on the question of whether it must provide insurance coverage to Defendant for a fire loss sustained at a dwelling located at 9559 Marietta Rd., New Lexington, Perry County, Ohio (hereinafter "subject property"), pursuant to a contract of homeowner's insurance written by Plaintiff and issued to Defendant.

2. Plaintiff is a corporation organized and operating under the laws of the State of West Virginia with its principal place of business in Wellsburg, West Virginia.

3. Plaintiff is authorized to conduct the business of insurance in the state of Ohio.

4. Defendant is an individual residing in New Lexington, Perry County, Ohio.

5. This matter in controversy involves a declaration of rights, duties and obligations under an insurance policy pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201.

6. This Court has subject-matter jurisdiction of this action under 28 U.S.C. §1332 because:

   a. there is complete diversity of citizenship between Plaintiff and Defendant, and;

   b. the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in that the "Dwelling" coverage that is at issue in the subject insurance policy has a coverage limit of $85,000.

7. Venue is appropriate in this Court because the insurance policy at issue insures property located in New Lexington, Perry County, Ohio, and the facts and circumstances giving rise to this matter took place in New Lexington, Perry County, Ohio.

## **DECLARATORY RELIEF CLAIM**

8. Plaintiff incorporates Paragraphs 1 through 7 of this Complaint as though fully rewritten herein.

9. On September 21, 2010, Defendant completed an application to the Plaintiff for the issuance of a homeowners insurance policy for the subject property. A copy of the "Homeowners Application" is attached hereto as "Exhibit A" and incorporated herein by reference.

10. In the application, Defendant represented that her interest in the subject property was "outright ownership."

11. In signing the application, Defendant certified that "all statements in this application are true and correct and that they are offered as an inducement to the [Plaintiff] to issue the policy" for which the Defendant was applying.

12. In reliance on the statements contained in the September 21, 2010 application, Plaintiff issued a Homeowners Form 2 insurance policy (policy number 3203-841) to the Defendant as the sole named insured, to insure the subject property.

13. The initial policy had a term of October 10, 2010 to October 10, 2011. The policy was renewed for eleven additional one-year terms with the Defendant as the sole named insured.

14. The current term of the policy is from October 10, 2021 to October 10, 2022, with the Defendant as the sole named insured. A copy of the current policy issued by Plaintiff to Defendant is attached hereto as "Exhibit B" and incorporated herein by reference.

15. On or about March 29, 2022, the dwelling and various personal property located on the subject property was damaged by a fire in the kitchen.

16. Defendant, through her father, provided notice of the loss to Plaintiff on or about March 30, 2022.

17. After a thorough and complete investigation of the loss, Plaintiff has discovered that:

   a. Defendant does not own the subject property;
   b. Dwight Bowen, Jr. (Defendant's father) is the legal owner of the subject property;
   c. Defendant's only claim to ownership of the subject property is an alleged "verbal land contract" with Dwight Bowen, Jr.;

3

    d. Defendant has not lived at the subject property since at least November 2, 2019; and

    e. Defendant's driver's license lists her address as 1220 Cemetery Road, New Lexington, Ohio.

18. Neither Plaintiff nor the Defendant's insurance agent were informed of any of the facts set forth in paragraph 17 above at any time between the submission of the September 21, 2010 application and the March 29, 2022 date of loss.

19. Ohio law requires that a person taking out a policy of insurance have an insurable interest in the subject matter of the insurance. Otherwise, the policy is void.

20. The requirement that a person taking out a policy of insurance have an insurable interest in the subject matter of the insurance is a matter of public policy in Ohio.

21. The insurance policy provides coverage under "Coverage A" for the "Dwelling on the 'residence premises' shown in the Declarations" of the policy.

22. For Coverage A to apply, the policy requires that the named insured be residing in the "residence premises" at the time of the loss in order for the dwelling to be covered under the policy.

23. Contrary to her representation to the Plaintiff in the September 21, 2010 application, Defendant does not have an insurable interest in the subject property because Defendant has never owned the subject property.

24. Further, a "verbal land contract" between Defendant and Dwight Bowen, Jr., if one exists, is unenforceable under the Statute of Frauds, Ohio Revised Code §1335.04, and therefore, does not give the Defendant an insurable interest in the subject property.

25. Because Defendant has no insurable interest in the subject property, the Dwelling coverage provided by Coverage A of the policy is void.

26. Defendant was not living at the subject property at the time of the loss, nor at the time of the most recent renewal of the policy.

27. Because Defendant was not living at the subject property at the time of the loss, the subject property does not qualify as a "residence premises" under the Policy.

28. Therefore, even if Defendant has an insurable interest in the subject property, there is no coverage for the dwelling under Coverage A of the policy.

29. There is a genuine and justifiable controversy between the Plaintiff and Defendant as to the rights and obligations of said parties under the homeowner's insurance policy and Plaintiff is entitled to a determination construing the provisions of the policy and declaring the rights, duties, and obligations of the parties in relation to Defendant's claim for coverage with respect to the aforementioned loss that occurred on or about March 29, 2022.

30. As Plaintiff has an interest in the policy of homeowner's insurance between itself and Defendant, Plaintiff requests that this Court enter a Declaratory Judgment interpreting the aforementioned policy of homeowner's insurance and declaring the rights, status, and/or legal relations thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a declaratory judgment and Order from this Court declaring the following:

    a. Coverage A of the contract for homeowner's insurance between Plaintiff and Defendant is void because Defendant lacks an insurable interest in the subject property; or, alternatively;

5

  b. Plaintiff has no liability under Coverage A of the homeowner's insurance policy issued to Defendant for the March 29, 2022 loss because Defendant was not living at the subject property at the time of the loss.

As to all causes of action, Plaintiff demands any other relief that this Court deems just and equitable.

         Respectfully submitted,

         **KARR SHERMAN & MAGNONE CO., LPA**

         */S/ Antonio L. Magnone*_____
         Antonio L. Magnone  (0089701)
         89 E. Nationwide Blvd., 2nd Floor
         Columbus, Ohio 43215
         (614) 478-6000
         (614) 972-8453 - fax
         amagnone@karrsherman.com
         *Attorney for the Plaintiff*